IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 14, 2001 Session

## STATE OF TENNESSEE v. MATTHEW PATRICK FRONTERA, A/K/A MATTHEW ANTHONY FRONTERA, A/K/A PATRICK MATTHEW FOSTER, A/K/A DERRICK JOSHUA FOSTER

**Appeal from the Circuit Court for Williamson County**
**No. I-133-600     Donald P. Harris, Judge**

**No. M2000-02747-CCA-R3-CD - Filed September 21, 2001**

The Defendant, Matthew Patrick Frontera, pleaded guilty to criminal impersonation, a Class B misdemeanor. Sentencing was left to the discretion of the trial court. As part of his plea agreement, the Defendant attempted to reserve the right to appeal a certified question of law relating to the legality of his stop, detention and questioning by police officers. In this appeal, the Defendant asserts that the trial court erred by refusing to suppress the evidence obtained against him due to an unlawful stop and detention. He also argues that the trial court erred by sentencing him to serve six months in the county jail with release eligibility at seventy-five percent. Because the Defendant failed to properly reserve his issue concerning his stop and detention, we are unable to reach the merits of that issue. We affirm the sentence imposed by the trial court.

**Tenn. R. App. 3 Appeal as of Right; Appeal of Certified Question Dismissed; Sentence Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Mark C. Scruggs, Nashville, Tennessee, for the appellant, Matthew Patrick Frontera.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ron Davis, District Attorney General; and Sharon E. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 21, 2000, the Defendant was observed loitering in and around the boy's restroom near the baseball fields at a park in Brentwood, Tennessee. Some of the parents of the children who played baseball in the park had become concerned because of a report of an individual who was hanging around the restrooms in such a manner as to frighten or annoy the children. The next night,

on May 22, 2000, the father of one of the children again saw the Defendant in the restroom and noticed that the Defendant seemed to remain in the restroom for a rather lengthy period of time. The child's father and another man decided to confront the Defendant while someone else called the police on a cellular telephone. Before the police arrived, the two men did confront the Defendant inside the restroom. The Defendant refused to give the men his name, and asked them what he was being accused of. The men told the Defendant that the police had been called and asked him to stay and speak to the police. The Defendant told them that he was going to leave, and he began walking away just as a policeman arrived. The policeman ordered the Defendant to stop and the Defendant eventually complied. At first the Defendant refused to give the policeman his name. Eventually, the Defendant gave the police officer a name, date of birth and social security number, all of which turned out to be false.

The Defendant was eventually indicted for criminal impersonation,[1] evading arrest,[2] and failing to register as a sex offender.[3] The Defendant entered an open plea of guilty to the charge of criminal impersonation, with sentencing left to the discretion of the trial judge. The charge of evading arrest was dismissed. Following a bench trial, the Defendant was found not guilty of failing to register as a sex offender. Subsequently, following a sentencing hearing on the criminal impersonation conviction, the trial court sentenced the Defendant to six months in the county jail with release eligibility set at seventy-five percent.

We will first address the certified question which the Defendant has attempted to reserve pursuant to Tennessee Rule of Criminal Procedure 37(b). The Defendant filed a motion to suppress all evidence obtained against him based upon his assertion that he was illegally stopped, detained and questioned by the police. He asserted that the police officer had no legal justification to stop, detain and question him and therefore the statement he gave to the police officer should be suppressed. After conducting an evidentiary hearing on the Defendant's motion, the trial judge overruled the motion.

On October 4, 2000, the Defendant filed a "petition for waiver of trial by jury and request for acceptance of plea of guilty." This document was signed by the Defendant, his counsel, and the assistant district attorney general. On the same date, the Defendant filed a "negotiated plea agreement." This document stated that the Defendant agreed to plead guilty to the offense of criminal impersonation with the sentence to be set by the trial court. The document also stated that the plea was "entered pursuant to Tenn. R. Crim. P. 37-issue-whether State possessed reasonable suspicion to stop Mr. Frontera on 5-22-00 and ask him questions regarding his identity. This issue is dispositive of the case." This document is also signed by the Defendant, his attorney, and the assistant district attorney general. It is not signed by the trial court. Also on October 4, 2000, the trial judge signed an order authorizing the waiver of trial and accepting the Defendant's plea of

---

[1]Tenn. Code Ann. § 39-16-301.

[2]Tenn. Code Ann. § 39-16-603.

[3]Tenn. Code Ann. § 40-39-108.

guilty. This order makes no reference to the reservation of a question of law pursuant to Rule 37. On October 23, 2000, the trial court entered judgment finding the Defendant guilty, upon his plea of guilty, of criminal impersonation and setting his sentence at six months in the county jail with release eligibility set at seventy-five percent. This judgment contains the following notation: "Defendant reserves R37 certified question of stop."

Tennessee Rule of Criminal Procedure 37(b) provides that an appeal lies from any judgment of conviction
> (2) Upon a plea of guilty or nolo contendere if:
> > (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or
> > . . .
> > (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court set forth the following prerequisites for appellate review of certified questions pursuant to this Rule of Criminal Procedure:
> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Id. at 650 (emphasis added); see also State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996). If the judgment itself does not satisfy the requirements of Preston but does refer to or incorporate

another document which would satisfy those requirements, then the certification of issues will be sufficient for appellate review. See State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); Pendergrass, 937 S.W.2d at 837.

In this case, the judgment merely states, "Defendant reserves R37 certified question of stop." Obviously, this statement does not satisfy the strict requirements of Preston. It does not refer to or incorporate any document which would arguably meet the requirements of Preston. See Irwin, 962 S.W.2d at 479; Pendergrass, 937 S.W.2d at 837. Thus, we have no choice but to hold that the Defendant did not properly reserve his certified question for review. That portion of the appeal which seeks review of the certified question is therefore dismissed.

In his next issue, the Defendant argues that the trial court erred by denying him probation or split confinement rather than ordering his six-month sentence to be served in the county jail with release eligibility set at seventy-five percent. The trial judge conducted the sentencing hearing immediately following the bench trial on the Defendant's charge of failing to register as a sex offender. In sentencing the Defendant, the trial judge noted that he believed that the Defendant thought he was supposed to register as a sex offender and that he gave the officers the false name for the purpose of avoiding detection. The trial judge observed that had the Defendant been convicted of failing to register as a sex offender, the minimum sentence would have been 180 days. The judge then stated that he believed the appropriate sentence would be six months with seventy-five percent release eligibility.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Id. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Id. § 40-35-302(e). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In this case we note that the trial judge did not make specific findings of fact when determining what portion of the Defendant's sentence would be served in confinement. While the better practice is to make findings on the record when fixing a percentage of a Defendant's sentence to be served in incarceration, our supreme court has held that a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the misdemeanor sentencing statute. State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). "The lack of findings is no basis for holding the trial court in error." State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999).

At the sentencing hearing, the State introduced evidence that the Defendant had a prior conviction in Texas for "Theft Over $750." In addition, although not contained in the record on appeal, the State introduced a certified copy of a conviction for committing a "lewd act upon a child" in South Carolina in 1991. In reviewing the video transcript of the sentencing hearing, the assistant district attorney clearly introduced what purports to be such a document and stated the document reflects a ten-year sentence for this offense in the South Carolina Department of Correction. The assistant district attorney also stated that the certified record from South Carolina includes two probation violations pertaining to this sentence. The assistant district attorney general stated that this conviction was entered and the sentence served under the name of "Patrick Matthew Foster." There appears to be no question that "Patrick Matthew Foster" is the same person as Matthew Patrick Frontera, the Defendant herein. Although this documentation is not found in the record on appeal, we note that it is the duty of the appellant to prepare a record that conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues that form the basis for the appeal. Tenn. R. App. P. 24(b); see Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).

The Defendant's primary complaint on appeal concerning his sentence is that the trial court denied him probation. The Defendant's history of criminal conduct, which apparently includes two instances of probation violation, adversely reflects upon his suitability for probation. Based on our review of the record in this case, we conclude that the trial court acted within its discretionary authority in setting the Defendant's sentence at six months with release eligibility after service of seventy-five percent of the sentence.

Accordingly, that portion of the Defendant's appeal addressing the certified question of law is dismissed. The sentence imposed by the trial court is affirmed.

 

 

_____
DAVID H. WELLES, JUDGE